UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JASON L. SANDERS,

        Plaintiff,                            Case No. 2:13-cv-264

v.                                              Honorable Robert Holmes Bell

ROBERT NAPEL,

        Defendants.
_____/

**OPINION**

Plaintiff Jason L. Sanders, a state prisoner currently confined at the Marquette Branch Prison, filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against Defendants Warden Robert Napel, Assistant Warden J. Alexander, Resident Unit Manager Unknown Tallio, Assistant Resident Unit Supervisor Unknown Vitilla, Hearing Officer T. Mohrman, Hearings Administrator Matt Young, Grievance Coordinator M. Carrol, Unknown Dafoe, Sergeant Unknown Havenor, Sergeant Unknown Makela, Sergeant Unknown Henning, Corrections Officer Unknown Nadue, Corrections Officer Unknown Judkins, Corrections Officer Unknown Levallie, Corrections Officer Unknown Nurkula, Corrections Officer Unknown Koval, Corrections Officer Unknown McMann, Corrections Officer Unknown Nuebecker, R.N. P. Derosie, Third Shift Officer Unknown Noble, Sergeant Unknown Holt, Second Shift Sergeant Unknown James, First Shift Officer Unknown

Perveat, Officer Unknown Zampese, First Shift Officer Unknown Dikema, Second Shift Officer Unknown Tasson, Second Shift Officer Unknown Sari, Third Shift Officer J. Milliner, Third Shift Officer Unknown Johnson, Nurse Unknown Gabe, Third Shift Officer Unknown Felton, Nurse Shane Montgomery, Psychiatrist / Psychologist Paul Ike, Nurse Unknown Martin, Nurse Unknown Anderson, Nurse Supervisor Brenda James, First Shift Commander Unknown Black, Second Shift Commander Unknown Grey, Third Shift Commander Unknown White, Second Shift Officer Unknown Wagner, and Lieutenant Unknown Tasson.

On September 3, 2014, the Court dismissed Plaintiff's claims against Defendants Mohrman, Napel, Alexander, and Carrol and ordered service on Defendants Judkins, Nurkula, Koval, McMann, Derosie, Dafoe, Makela, Henning, Young, Havenor, Vitilla, Tallio, Levallie, and Nadue. Plaintiff has now filed a motion for clarification (docket #23), stating that the Court failed to address his claims against Defendants Noble, Holt, Sergeant James, Perveat, Zampese, Dikema, Officer Tasson, Sari, Milliner, Johnson, Gabe, Felton, Montgomery, Ike, Martin, Anderson, Brenda James, Black, Grey, White, Wagner, and Lieutenant Tasson.

Plaintiff is correct. Therefore, the Court will now specifically address Plaintiff's claims against those Defendants. Initially, the Court notes that Plaintiff fails to name Defendants Johnson, Black, Grey, and White in the body of his complaint. Because Plaintiff fails to set forth any specific factual allegations against these Defendants, they are properly dismissed.

Plaintiff alleges that Defendant Milliner engaged in sexual conduct with another prison official and that he overheard the two engaging in inappropriate behavior. Plaintiff alleges that when he complained about Defendant Milliner, Defendant Felton told him to mind his own business. While the conduct of Defendants Milliner and Felton, if true, is certainly reprehensible, Plaintiff fails to

2

explain how this conduct infringed on his constitutional rights. Therefore, Plaintiff's claims regarding this asserted misconduct lacks merit. Because Plaintiff fails to assert any other claims with regard to Defendant Felton, he is properly dismissed.

Plaintiff alleges that Defendant Lieutenant Tasson conducted a hearing on a misconduct for possession of contraband and found Plaintiff guilty based merely on the word of Defendant Zampese in violation of Plaintiff's due process rights.[1] Plaintiff claims that the major misconduct charges against him were "false." A prisoner's ability to challenge a prison misconduct conviction depends on whether the convictions implicated any liberty interest. In the seminal case in this area, *Wolff v. McDonnell*, 418 U.S. 539 (1974), the Court prescribed certain minimal procedural safeguards that prison officials must follow before depriving a prisoner of good-time credits on account of alleged misbehavior. The *Wolff* Court did not create a free-floating right to process that attaches to all prison disciplinary proceedings; rather the right to process arises only when the prisoner faces a loss of liberty, in the form of a longer prison sentence caused by forfeiture of good-time credits:

> It is true that the Constitution itself does not guarantee good-time credit for satisfactory behavior while in prison. But here the State itself has not only provided a statutory right to good time but also specifies that it is to be forfeited only for serious misbehavior. Nebraska may have the authority to create, or not, a right to a shortened prison sentence through the accumulation of credits for good behavior, and it is true that the Due Process Clause does not require a hearing "in every conceivable case of government impairment of private interest." But the State having created the right to good time and itself recognizing that its deprivation is a sanction authorized for major misconduct, the prisoner's interest has real substance and is sufficiently embraced within Fourteenth Amendment "liberty" to

---

[1] Defendant Lieutenant Tasson also conducted a hearing on a misconduct Plaintiff received for allegedly flooding his cell and found Plaintiff not guilty of this misconduct. The Court assumes that Plaintiff is not challenging the outcome of this hearing.

3

>entitle him to those minimum procedures appropriate under the circumstances and required by the Due Process Clause to insure that the state-created right is not arbitrarily abrogated.

*Wolff*, 418 U.S. at 557 (citations omitted).

Plaintiff does not allege that his major misconduct convictions resulted in any loss of good-time credits, nor could he. The Sixth Circuit has examined Michigan statutory law, as it relates to the creation and forfeiture of disciplinary credits[2] for prisoners convicted of crimes occurring after April 1, 1987. In *Thomas v. Eby*, 481 F.3d 434 (6th Cir. 2007), the court determined that loss of disciplinary credits does not necessarily affect the duration of a prisoner's sentence. Rather, it merely affects parole eligibility, which remains discretionary with the parole board. *Id.* at 440. Building on this ruling, in *Nali v. Ekman*, 355 F. App'x 909 (6th Cir. 2009), the court held that a misconduct citation in the Michigan prison system does not affect a prisoner's constitutionally protected liberty interests, because it does not necessarily affect the length of confinement. 355 F. App'x at 912; *accord, Taylor v. Lantagne*, 418 F. App'x 408, 412 (6th Cir. 2011); *Wilson v. Rapelje*, No. 09-13030, 2010 WL 5491196, at * 4 (E.D. Mich. Nov. 24, 2010) (Report & Recommendation) (holding that "plaintiff's disciplinary hearing and major misconduct sanction does not implicate the Fourteenth Amendment Due Process Clause"), *adopted as judgment of court*, 2011 WL 5491196 (Jan. 4, 2011). In the absence of a demonstrated liberty interest, Plaintiff has no due-process claim based on the loss of disciplinary credits. *See Bell v. Anderson*, 301 F. App'x 459, 461-62 (6th Cir. 2008).

Even in the absence of a protectible liberty interest in disciplinary credits, a prisoner may be able to raise a due-process challenge to prison misconduct convictions that result in a significant, atypical deprivation. *See Sandin v. Connor*, 515 U.S. 472 (1995). Plaintiff has not

---

[2] For crimes committed after April 1, 1987, Michigan prisoners earn "disciplinary credits" under a statute that abolished the former good-time system. MICH. COMP. LAWS § 800.33(5).

identified any significant deprivation arising from his convictions. Unless a prison misconduct conviction results in an extension of the duration of a prisoner's sentence or some other atypical hardship, a due-process claim fails. *Ingram v. Jewell*, 94 F. App'x 271, 273 (6th Cir. 2004). Therefore, Plaintiff's claims against Defendant Lieutenant Tasson will be dismissed.

Moreover, Plaintiff's retaliation claim against Defendant Zampese based on the above misconduct ticket will be dismissed for lack of merit. In those cases in which a hearing officer has made a finding of guilt in a major misconduct proceeding, the claim will be barred by deference to the state's finding of guilt. *See Peterson v. Johnson*, 714 F.3d 905, 914-17 (6th Cir. 2013) (holding that a factual finding in a major misconduct proceeding is not subject to challenge in a § 1983 action).

Plaintiff claims that Defendant Wagner denied him yard time, stating that Plaintiff's yard break was over. Plaintiff responded by telling Defendant Wagner, "If you don't let me out to yard, I'm going to boat you up." Defendant Wagner then told Plaintiff that he was going to "boat" Plaintiff up and subsequently wrote a misconduct ticket on Plaintiff for threatening behavior. As a result, Plaintiff was confined to segregation for a period of 30 days. To determine whether segregation of an inmate from the general prison population involves the deprivation of a liberty interest protected by the due process clause, the Court must determine if the segregation imposes an "atypical and significant" hardship on the inmate "in relation to the ordinary incidents of prison life." *Jones v. Baker*, 155 F.3d 810, 811 (6th Cir. 1998) (quoting *Sandin v. Conner*, 515 U.S. 472, 483 (1995)). Under various circumstances, the Sixth Circuit has repeatedly found that confinement to administrative segregation does not present an "atypical and significant" hardship implicating a protected liberty interest. *See Jones*, 155 F.3d at 812-23 (two years of segregation while inmate was investigated for murder of prison guard in riot); *Rimmer-Bey v. Brown*, 62 F.3d 789, 790-91 (6th Cir. 1995) (inmate serving life sentence was placed in segregation after serving thirty days of detention

5

for misconduct conviction of conspiracy to commit assault and battery); *Mackey v. Dyke*, 111 F.3d 460 (6th Cir.1997) (one year of segregation after inmate was found guilty of possession of illegal contraband and assault and where reclassification was delayed due to prison crowding). Although plaintiff states that his placement in segregation has been "atypical and significant," he merely uses the legal jargon and presents no factual allegations to support his conclusion. The only allegation he presents regarding his segregation is that its duration was for 30 days. The length of the placement is not determinative. *See Jones*, 155 F.3d at 812. Plaintiff has failed to make any allegations which that his segregation is "atypical and significant." Consequently, the Court concludes that no liberty interest is implicated by his placement and Defendant Wagner is entitled to dismissal from this action.

Finally, Plaintiff claims that Defendants Perveat, Dikema, Corrections Officer Tasson, Sari, and Milliner improperly denied him water for flushing his toilet and washing his hands from August 26, 2013, until September 4, 2013, and that Defendants Gabe, Montgomery, Anderson, and Brenda James ignored Plaintiff's complaints of chest pain, headache, and nausea, which were caused by the smell in Plaintiff's toilet during this time. The Court concludes that Plaintiff's retaliation and Eighth Amendment claims relating to this conduct are nonfrivolous and may not be dismissed upon initial review. Similarly, Plaintiff's Eighth Amendment and retaliation claims against Defendants Noble, Holt, Sergeant James, Ike and Martin relating to their failure to intervene and provide appropriate mental health and medical care when Plaintiff cut his fingers with nail clippers in a suicidal depression state a claim and may not be dismissed on initial review.

In light of the foregoing, the court concludes that Defendants Johnson, Black, Grey, White, Felton, Lieutenant Tasson, Zambese, and Wagner are properly dismissed from this action for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court will serve the complaint against Defendants Perveat, Dikema, Corrections Officer Tasson,

6

Sari, Milliner, Gabe, Montgomery, Anderson, Brenda James, Noble, Holt, Sergeant James, Ike, and Martin.

An Order consistent with this Opinion will be entered.


Dated: September 25, 2014          /s/ Robert Holmes Bell
                                                           ROBERT HOLMES BELL
                                                           UNITED STATES DISTRICT JUDGE