UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JASON L. SANDERS,

        Plaintiff,        Case No. 2:13-cv-264

v.        HON. ROBERT HOLMES BELL

ROBERT NAPEL, et al,

        Defendants.
_____/

## REPORT AND RECOMMENDATION

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. Plaintiff's complaint asserts that the named Defendants retaliated against him for his use of the grievance procedure, interfered with his right to a fair hearing, denied him access to psychological treatment, and subjected him to excessive force in violation of the First, Eighth and Fourteenth Amendments. Plaintiff seeks damages, as well declaratory and injunctive relief.

After an initial review, this Court dismissed Plaintiff's claims against Defendants Mohrman, Napel, Alexander, Carrol, Johnson, Black, Grey, White, Felton, Lieutenant Tasson, Zambese, and Wagner and ordered service of Plaintiff's complaint on Defendants Judkins, Nurkula, Koval, McMann, Derosie, Defoe, Makela, Henning, Young, Havenor, Vitilla, Tallio, Levallie, Nadue, Perveat, Dikema, Corrections Officer Tasson, Sari, Milliner, Gabe, Montgomery, Anderson, Brenda James, Noble, Holt, Sergeant James, Ike, and Martin (docket #20 and #21).

On November 19, 2014, Defendants Defoe, Derosie, Havenor, Henning, Judkins, Koval, Levallie, Makela, McMann, Nadue, Nurkula, Tallio, Vitilla, and Young filed a motion for

summary judgment (docket #50) on the ground that Plaintiff failed to exhaust his available administrative remedies. Plaintiff filed a response (docket #77) on or about January 14, 2015. In addition, on February 3, 2015, Defendants Anderson, Dikema, Gabe, Holt, Ike, Brenda James, Unknown James, Martin, J. Milliner, Montgomery, Noble, Perveat, Sari, and Craig [Corrections Officer] Tasson filed a motion for summary judgment (docket #82) on the ground that Plaintiff failed to exhaust his available administrative remedies. Plaintiff has failed to respond to this motion during the allowable time period.

Summary judgment is appropriate when the record reveals that there are no genuine issues as to any material fact in dispute and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *Kocak v. Comty. Health Partners of Ohio, Inc.*, 400 F.3d 466, 468 (6th Cir. 2005); *Thomas v. City of Chattanooga*, 398 F.3d 426, 429 (6th Cir. 2005). The standard for determining whether summary judgment is appropriate is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *State Farm Fire & Cas. Co. v. McGowan*, 421 F.3d 433, 436 (6th Cir. 2005) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)); *see also Tucker v. Union of Needletrades Indus. & Textile Employees*, 407 F.3d 784, 787 (6th Cir. 2005). The court must consider all pleadings, depositions, affidavits, and admissions on file, and draw all justifiable inferences in favor of the party opposing the motion. *See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Twin City Fire Ins. Co. v. Adkins*, 400 F.3d 293, 296 (6th Cir. 2005).

A prisoner's failure to exhaust his administrative remedies is an affirmative defense, which Defendants have the burden to plead and prove. *Jones v. Bock*, 549 U.S. 199, 212-216 (2007).

A moving party without the burden of proof need show only that the opponent cannot sustain his burden at trial. *See Morris v. Oldham County Fiscal Court*, 201 F.3d 784, 787 (6th Cir. 2000); *see also Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005). A moving party with the burden of proof faces a "substantially higher hurdle." *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002); *Cockrel v. Shelby County Sch. Dist.*, 270 F.3d 1036, 1056 (6th Cir. 2001). "Where the moving party has the burden -- the plaintiff on a claim for relief or the defendant on an affirmative defense -- his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986) (quoting W. SCHWARZER, *Summary Judgment Under the Federal Rules: Defining Genuine Issues of Material Fact*, 99 F.R.D. 465, 487-88 (1984)). The United States Court of Appeals for the Sixth Circuit repeatedly has emphasized that the party with the burden of proof "must show the record contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free to disbelieve it." *Arnett*, 281 F.3d at 561 (quoting 11 JAMES WILLIAM MOORE, ET AL., MOORE'S FEDERAL PRACTICE § 56.13[1], at 56-138 (3d ed. 2000); *Cockrel*, 270 F.2d at 1056 (same). Accordingly, summary judgment in favor of the party with the burden of persuasion "is inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact." *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999).

Defendants claim that they are entitled to summary judgment because Plaintiff failed to exhaust his available administrative remedies. Pursuant to the applicable portion of the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a), a prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983 must exhaust his available administrative remedies. *See Porter v. Nussle*, 534 U.S. 516, 532 (2002); *Booth v. Churner*, 532 U.S. 731, 733 (2001). A prisoner

3

must first exhaust available administrative remedies, even if the prisoner may not be able to obtain the specific type of relief he seeks in the state administrative process. *See Porter*, 534 U.S. at 520; *Booth*, 532 U.S. at 741; *Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir. 2000); *Freeman v. Francis*, 196 F.3d 641, 643 (6th Cir. 1999). In order to properly exhaust administrative remedies, prisoners must complete the administrative review process in accordance with the deadlines and other applicable procedural rules. *Jones v. Bock*, 549 U.S. 199, 218-19 (2007); *Woodford v. Ngo*, 548 U.S. 81, 90-91 (2006). "Compliance with prison grievance procedures, therefore, is all that is required by the PLRA to 'properly exhaust.'" *Jones*, 549 U.S. at 218-19.

MDOC Policy Directive 03.02.130 (effective July 9, 2007), sets forth the applicable grievance procedures for prisoners in MDOC custody at the time relevant to this complaint. Inmates must first attempt to resolve a problem orally within two business days of becoming aware of the grievable issue, unless prevented by circumstances beyond his or her control *Id.* at ¶ P. If oral resolution is unsuccessful, the inmate may proceed to Step I of the grievance process and submit a completed grievance form within five business days of the attempted oral resolution. *Id.* at ¶ P. The Policy Directive also provides the following directions for completing grievance forms: "The issues shall be stated briefly. Information provided shall be limited to the <u>facts</u> involving the issue being grieved (i.e., who, what, when, where, why, how). Dates, times, places and names of all those involved in the issue being grieved are to be included." *Id.* at ¶ R (emphasis in original). The inmate submits the grievance to a designated grievance coordinator, who assigns it to a respondent. *Id.* at ¶ X.

If the inmate is dissatisfied with the Step I response, or does not receive a timely response, he may appeal to Step II by obtaining an appeal form within ten business days of the

response, or if no response was received, within ten days after the response was due. *Id.* at ¶¶ T, DD. The respondent at Step II is designated by the policy, *e.g.,* the regional health administrator for a medical care grievances. *Id.* at ¶ GG. If the inmate is still dissatisfied with the Step II response, or does not receive a timely Step II response, he may appeal to Step III. *Id.* at ¶ FF. The Step III form shall be sent within ten business days after receiving the Step II response, or if no Step II response was received, within ten business days after the date the Step II response was due. *Id.* at ¶ FF. The Grievance and Appeals Section is the respondent for Step III grievances on behalf of the MDOC director. *Id.* at ¶ GG. Time limitations shall be adhered to by the inmate and staff at all steps of the grievance process. *Id.* at ¶ X. "The total grievance process from the point of filing a Step I grievance to providing a Step III response shall be completed within 90 calendar days unless an extension has been approved . . . ." *Id* at ¶ HH.

Defendants Defoe, Derosie, Havenor, Henning, Judkins, Koval, Levallie, Makela, McMann, Nadue, Nurkula, Tallio, Vitilla, and Young assert that Plaintiff has filed twelve Step III grievance appeals while incarcerated at MBP. Four of the grievances were resolved after Plaintiff filed his original complaint on August 20, 2013, as well as his amended complaint on January 6, 2014. These include MBP 3-10-1900-28e, MBP 13-10-1902-28e, MBP 13-10-1901-28e, and MBP 13-09-1756-11g. *See* docket #51-3, p. 3 of 61. A plaintiff must pursue all levels of the administrative procedure before filing an action in federal court. *See Freeman v. Francis*, 196 F.3d 641, 645 (6th Cir. 1999) ("While we recognize that plaintiff made some attempt to go through the prison's grievance procedures, we must dismiss plaintiff's complaint because he filed his federal complaint before allowing the administrative process to be completed.").

Five of the grievances filed by Plaintiff were initiated prior to the date of Defendants' alleged wrongdoing. These include MBP 12-09-2359-27a, MBP 12-08-2145-17i, MBP 12-08-2251-28a, MBP 12-08-2066-17a, and MBP 12-08-2083-03d. *Id.* at pp. 4-5 of 61. Defendants assert that the remaining grievances, MBP 13-07-1245-19z, MBP 13-02-0420-17i, and MBP 12-11-3041-07z, do not pertain to the Eighth Amendment allegations in Plaintiff's amended complaint.

In grievance MBP 13-07-1245-19z, Plaintiff complains that on June 13, 2013, his property was shaken down and separated by Officer Nuebecker and another officer in F-Block. When Plaintiff was released from segregation on June 28, 2013, he requested his property, but Defendant Durant indicated that he did not have any property. Plaintiff states that he is missing his Boss headphones and earbuds, his shower shoes, shampoo, conditioner, toothpaste, Vaseline, and a "doo rag." Plaintiff was allegedly denied assistance from Sergeant Burnett and Resident Unit Manager Contreuer. Plaintiff's grievance was denied at each level. *See* docket #51-3, pp. 28-31 of 61.

In MBP 13-02-0420-17i, Plaintiff complains that Officer Binkly dropped Plaintiff from "stage 3" to "stage 2" in the segregation incentives program due to "self injurious" behavior. Plaintiff claims that this was done to punish him for actions caused by his mental illness and mood disorder. Plaintiff was denied assistance from Defendants Vitilla and Tallio. *See* docket #51-3, pp. 34-37 of 61. In MBP 12-11-3041-07z, Plaintiff asserts that he was reviewed on a major misconduct ticket by a Sergeant and an Investigator on November 20, 2012, without the benefit of a psychological evaluation. Plaintiff states that this violated his due process rights, and the hearing investigator provided no help. *Id.* pp. 39-41 of 61.

6

In response to the motion for summary judgment filed by Defendants Defoe, Derosie, Havenor, Henning, Judkins, Koval, Levallie, Makela, McMann, Nadue, Nurkula, Tallio, Vitilla, and Young, Plaintiff contends that the reason that MBP 3-10-1900-28e, MBP 13-10-1902-28e, MBP 13-10-1901-28e, and MBP 13-09-1756-11g were resolved after he filed his amended complaint was because the MDOC responses were late by ten days or more. However, if this is the case, Plaintiff fails to note that the step I grievances in MBP 3-10-1900-28e, MBP 13-10-1902-28e, MBP 13-10-1901-28e, and MBP 13-09-1756-11g were all filed after the filing of his original complaint on August 20, 2013. *See* docket #51-3, p. 3 of 61. Therefore, these grievances were not exhausted prior to the institution of the instant civil action.

Plaintiff contends that Defendants Judkins, Koval, Nurkula, McMann, and Derosie issued him false misconduct tickets in retaliation for filing grievances. Defendants assert that Plaintiff has not exhausted his allegations of retaliation as to any Defendant because he did not properly raise that issue during his misconduct hearing and /or did not complete the appeal process. Decisions made in the prison hearings division are non-grievable. Policy Directive 03.02.130, ¶ F(1). Instead, plaintiff "shall file a motion or application for rehearing in order to exhaust his or her administrative remedies before seeking judicial review of the final decision or order." *See* MICH. COMP. LAWS § 791.255(1). The rehearing request must be made within thirty days after the final decision or order is issued. MICH. COMP. LAWS § 791.254(3).

Defendant Judkins wrote a misconduct on Plaintiff on August 27, 2012, charging him with sexual misconduct. Plaintiff was found guilty on September 7, 2012, following a hearing. Plaintiff's request for rehearing was denied on June 11, 2013. A review of the hearing record shows

7

that Plaintiff failed to raise retaliation as a defense in either his hearing or his Request for Rehearing. *See* docket #51-4.

Defendant Koval wrote a sexual misconduct ticket on Plaintiff on May 9, 2013. Plaintiff was found guilty on May 13, 2013, and his Request for Rehearing was denied on June 11, 2013. A review of the hearing record shows that Plaintiff failed to raise retaliation as a defense in either his hearing or his Request for Rehearing. *See* docket #51-5.

Defendant Nurkula wrote two sexual misconduct tickets on Plaintiff on May 21, 2013, and August 26, 2013. Plaintiff was found guilty of the charges on June 3, 2013, and September 13, 2013, respectively. Plaintiff's Requests for Rehearing were denied on October 31, 2013, and December 19, 2013. Plaintiff did not raise retaliation as a defense to the August 26, 2013, misconduct ticket. *See* docket #51-6. However, the record shows that Plaintiff asserted retaliation as a defense to the May 21, 2013, misconduct ticket both during the hearing and in his Request for Rehearing. *Id.* at pp. 4-5 of 10.

Defendant Derosie issued two sexual misconducts on Plaintiff on August 5, 2013. Plaintiff was found guilty of both misconducts on August 12, 2013, but only filed a Request for Rehearing on one of the violations, which was denied on October 18, 2013. *See* docket #51-7. A review of the hearing record shows that Plaintiff failed to raise retaliation as a defense in either his hearing or his Request for Rehearing. *Id*. Defendant McMann wrote a substance abuse misconduct ticket on Plaintiff on June 28, 2013. Plaintiff was found guilty of the misconduct on July 15, 2013, and his Request for Rehearing was denied on October 11, 2013. A review of the misconduct hearing record shows that Plaintiff failed to raise retaliation as a defense in either his hearing or his Request for Rehearing. *See* docket #51-8.

As conceded by Defendants, it appears that Plaintiff asserted retaliation as a defense in relation to one of the misconduct tickets written by Defendant Nurkula. However, Defendants state that because Plaintiff did not file a petition for judicial review in state court, he did not completely exhaust his administrative remedies. In support of this assertion, Defendants cite *Palmer v. Aikens*, No. 14-1343, p. 2 (6th Cir. Nov. 3, 2014) (unpublished). In that case, the Sixth Circuit noted that Palmer had not raised the issue of retaliation at his misconduct hearing, in a request for rehearing, or in a petition for review in the state courts. The court concluded that Aikens met her burden of showing that Palmer did not exhaust his administrative remedies. *See* docket #51-9, p. 3-5 of 5. Based on the holding in *Palmer v. Aikens*, Defendants contend that Plaintiff's failure to file a petition for judicial review requires that court to find that he failed to exhaust his administrative remedies. However, the undersigned notes that *Palmer v. Aikens* is an unpublished opinion and that a petition for judicial review is not a procedure that one would typically term an "administrative remedy." Moreover, the crux of the holding in *Palmer v. Aikens* appears to be the fact that the plaintiff never raised the issue of retaliation at any level. Therefore, in the opinion of the undersigned, Defendants have failed to meet their burden of showing that Plaintiff failed to exhaust his administrative remedies regarding the May 21, 2013, misconduct ticket written by Defendant Nurkula.

Despite the fact that Defendants have failed to show that Plaintiff did not exhaust his remedies on this claim, the undersigned notes that a prisoner's claim that he was falsely accused of a major misconduct is barred where there has been a finding of guilt. *See Peterson v. Johnson*, 714 F.3d 905, 917 (6th Cir. 2013) (holding that a factual finding in a major misconduct proceeding has preclusive effect and is not subject to challenge in a § 1983 action). It is clear from the record that

9

Plaintiff was found guilty of the May 21, 2013, sexual misconduct following a factual finding in a major misconduct proceeding. Therefore, his retaliation claim based on this misconduct is barred. *Id.*

For the reasons stated above, Defendants Defoe, Derosie, Havenor, Henning, Judkins, Koval, Levallie, Makela, McMann, Nadue, Nurkula, Tallio, Vitilla, and Young are entitled to summary judgment for failure to exhaust administrative remedies.

Defendants Anderson, Dikema, Gabe, Holt, Ike, Brenda James, Unknown James, Martin, J. Milliner, Montgomery, Noble, Perveat, Sari, and Craig [Corrections Officer] Tasson[1] also move for summary judgment on the basis that Plaintiff failed to exhaust his administrative remedies against them. These Defendants assert that Plaintiff's claims against them arose after he filed his original complaint in this case, so he could not have exhausted his administrative remedies prior to initiating this action.

As noted by Defendants, Plaintiff claims that Defendants Perveat, Dikema, Tasson, Sari, and Milliner kept him on water restriction, which prevented him from flushing his toilet or washing his hands from August 26, 2013, until September 4, 2013. In addition, Plaintiff alleges that during this time period, Defendants James, Gabe, Montgomery, and Anderson ignored his complaints of chest pain, headache, and nausea. *See* docket #24, p. 6 of 7. Plaintiff further alleges that on August 26, 2013, Defendant Noble told him that he had to remain in segregation until there was room for him in the mental health program. Consequently, Plaintiff became depressed and began to cut his hands with a pair of fingernail clippers. *Id.* at pp. 29-31 of 47. Plaintiff states that

---

[1]Defendants Dykema, Gabriel Gluesing, Hoult, Eyke, Nurse Martin Hedlund, Perreault, Sare are named in Plaintiff's complaint as Dikema, Gabe, Holt, Ike, Martin, Perveat, and Sari. The court will refer to them as they are named in the complaint.

Defendants Holt, James, Noble, Ike, and Martin failed to intervene and provide Plaintiff with needed medical and mental health care. *Id.* at pp. 31-33.

The PLRA requires state and federal prisoners desiring to bring civil rights claims to exhaust all available administrative remedies prior to filing suit in federal court. See 42 U.S.C. § 1997e(a); *Lavista v. Beeler*, 195 F.3d 254, 256 (6th Cir.1999). Plaintiff filed his original complaint on August 20, 2013. The allegations against Anderson, Dikema, Gabe, Holt, Ike, Brenda James, Unknown James, Martin, J. Milliner, Montgomery, Noble, Perveat, Sari, and Craig Tasson all occurred on or after August 26, 2013. The grievance process takes approximately 120 calendar days. *See* MDOC Policy Directive 03.02.130 at ¶ S. Therefore, it is clear that Plaintiff could not have exhausted his available administrative remedies on his claims against Defendants Anderson, Dikema, Gabe, Holt, Ike, Brenda James, Unknown James, Martin, J. Milliner, Montgomery, Noble, Perveat, Sari, and Tasson prior to bringing suit in federal court and that these Defendants are entitled to summary judgment.

For the foregoing reasons, I recommend that Defendants' motions for summary judgment (docket #50 and #82) be granted and that this case be dismissed in its entirety.

Should the court adopt the report and recommendation in this case, the court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the undersigned recommends granting Defendants' motion for summary judgment, the undersigned discerns no good-faith basis for an appeal. Should the court adopt the report and recommendation and should Plaintiff appeal this decision, the court will assess the $505 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from

proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $505 appellate filing fee in one lump sum.


Dated:  August 18, 2015   /s/ TIMOTHY P. GREELEY
                          Timothy P. Greeley
                          United States Magistrate Judge

## NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).